[No. 6994. Decided November 25, 1907.]

## GEORGE T. BALL, *by His Guardian etc., Respondent*, v. PETERMAN MANUFACTURING COMPANY, *Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE OF MASTER—STARTING MACHINERY WITHOUT WARNING—EVIDENCE—SUFFICIENCY. Whether a sawyer was guilty of negligence in starting machinery without warning, whereby a log was rolled onto the plaintiff's hand while he was greasing a wedge as directed by the sawyer, is for the jury, where there was evidence that the plaintiff was acting as directed, and the log was rolled without warning him, and that the ropes controlling the machinery were twisted so that they could not be intelligently operated.

SAME — CONTRIBUTORY NEGLIGENCE — WARNING — YOUTHFUL EMPLOYEE. A seventeen year old boy is not guilty of contributory negligence, as a matter of law, in failing to get out of the way of a log, when he was standing with his back to the sawyer, greasing a wedge under one end of the log as directed, and the sawyer put the machinery in operation rolling the log without giving any warning.

DAMAGES—INJURIES—EXCESSIVENESS. A verdict for $2,500 for injuries from the crushing of two fingers of a seventeen year old boy, necessitating amputation of one of them, is excessive and should be reduced to $1,500.

[1]Reported in 92 Pac. 425.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered January 26, 1907, upon the verdict of a jury for $2,500 damages for personal injuries sustained by an employee in a sawmill. Affirmed on condition of remitting $1,000.

R. S. Eskridge and Philip Tindall, for appellant.

Govnor Teats, for respondent.

DUNBAR, J.—The respondent by his guardian brings this action for damages occasioned by an injury received while in the employ of appellant in its sawmill at Tacoma. From a judgment for the plaintiff in the sum of $2,500, this appeal is taken.

At the time of the accident a log, six feet in diameter and thirty feet long, was being moved across the log deck toward the carriage, by means of the chain and drum canting gear ordinarily used in sawmills for this purpose. It became necessary to move one end of the log around and, in order to prevent the other end from rolling at the same time, a wedge about two feet long and six by eight inches thick was used for that end of the log to roll against. It was the duty of the respondent to grease this wedge with tallow so that the log would revolve against it and slip back instead of climbing over the wedge while the other end was being pulled around. Respondent, being directed by the sawyer who was in charge to place the wedge near the end of the log and grease it, placed said wedge about a foot from the log and was greasing it with a lump of tallow, when the sawyer put the canting gear in motion and the log was pulled over upon respondent's hand, crushing one finger so that it became necessary to amputate it, and breaking and seriously injuring another finger. It is the respondent's contention that the sawyer rolled the log without giving notice, and that this action constituted the negligence which proximately occasioned the injury. Appellant claimed that the log was put in motion slowly, and that

the respondent required no warning, but could have readily protected himself had he been performing his work in a proper manner and been on his guard, and that the conduct of the respondent in the premises constituted contributory negligence as a matter of law.

Outside of the testimony of respondent and other witnesses, the witness Rinke testified that he was an eyewitness to the transaction; that the respondent had been called by the sawyer to perform the aforesaid duty; that the said sawyer had run the chain down and hooked it into the cable himself, and that, as he rolled the log over once, it was not coming quite right and he hallooed for Ball to put the wedge under the log, as he wanted to swing it around; that Ball, in answer to this command, placed the wedge on the skid and began to grease it; that the sawyer had hold of his ropes, a ring in each hand, and that the ropes, instead of being held so that they could be operated intelligently, were twisted; that the canting gear started up and pulled the log over and caught the end of the boy's finger, and he began to halloo; and that the sawyer, in attempting to release him, pulled the wrong rope and pulled the log up onto his hand the second time. Under the uniform decisions of this court under such testimony, the question of whether or not the sawyer, in starting the canting gear without warning and in the manner in which he did start it, was guilty of negligence is a question of fact to be determined by the jury.

As to the second proposition, viz., the alleged contributory negligence of the respondent, it seems to us that the record fails to show contributory negligence as a matter of law. This was a boy seventeen years old, working under the express direction of the sawyer, working in a place which was prepared by the appellant, and which it presumably did not regard as necessarily dangerous if the sawyer did his duty in notifying the person who was working there. The testimony shows that the boy was working with his back to the sawyer, and that the sawyer was standing facing the boy,

but a few feet away. Under all the circumstances shown by the testimony it does not appear that the respondent was guilty of contributory negligence.

It is also contended that the amount of the verdict in this case was excessive, and as compared with verdicts which have been sustained in other cases where the injuries were incomparably greater, we think this contention ought to be sustained. The judgment will be affirmed on condition that the respondent remit the sum of $1,000 from the judgment obtained. Otherwise the judgment will be reversed and a new trial granted.

HADLEY, C. J., RUDKIN, MOUNT, and CROW, JJ., concur.